PER CURIAM.
This disciplinary proceeding by The Florida Bar against James J. Altman, Jr., a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
AS TO COUNT I
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit:
Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral ter-pitude); Rule 1-102(A)(4) (engaging in illegal conduct involving dishonesty, fraud, deceit, or misrepresentation); 102(A)(6) (engaging in any other conduct which adversely reflects on his fitness to practice law; and 7-101(A)(3) (prejudicing or damaging client in the course of the professional relationship).
AS TO COUNT II
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit: Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); 1-102(A)(4) (engaging in illegal conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(6) (engaging in any other *515 conduct which adversely reflects on his fitness to practice law); 7-101(A)(3) (prejudicing or damaging client in the course of the professional relationship).
AS TO COUNT III
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit: Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(6) (engaging in any other conduct which adversely reflects on his fitness to practice law); 7-101(A)(3) (prejudicing or damaging client in the course of the professional relationship).
AS TO COUNT IV
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit: Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); 1-102(A)(4) (engaging in any other conduct which adversely reflects on his fitness to practice law); 7-101(A)(3) (prejudicing or damaging client in the course of the professional relationship).
AS TO COUNT V
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit: Disciplinary Rule 1-102(A)(3) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(6) (engaging in any conduct which adversely reflects on his fitness to practice law); 7-101(A)(3) (prejudicing or damaging client in the course of the professional relationship).
AS TO COUNT VI
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit: Disciplinary Rule 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(6) (engaging in any conduct which adversely reflects on his fitness to practice law); 7-101(A)(3) (prejudicing or damaging client in the course of the professional relationship); 9-102(B)(3) (failing to maintain complete records of clients’ funds coming into his hands) and Integration Rule 11.02(4) (applying money entrusted to him by a client to a purpose other than the one intended).
The referee recommends that respondent be disbarred from the practice of law in Florida and that respondent be allowed to be reinstated no sooner than ten (10) years from the date of disbarment and only after restitution to his clients in the amount of Three Hundred Nine Thousand, Nine Hundred One and 6%oo ($309,901.66) Dollars and only after he shall have paid costs of these proceedings in the amount of Seven Thousand, Four Hundred Four and 30/ioo ($7,404.30) Dollars.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, James J. Altman, Jr., is hereby disbarred from the practice of law in the State of Florida effective immediately.
Judgment for costs in the amount of $7,404.30 is hereby entered against respondent, for which let execution issue.
It is so ordered.
*516 ADKINS, Acting C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.